IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TASHARA N. PERSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-07-136-C |
| | ) | |
| DOLGENCORP, INC., a Kentucky | ) | |
| Corporation; and DOLLAR GENERAL | ) | |
| CORPORATION, a Tennessee | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendants[1] as a "Lead Store Clerk."  In this position,

Plaintiff's responsibilities included: loading and unloading merchandise delivered by trucks;

opening and unpacking cartons and totes; stocking merchandise; rotating and facing

merchandise on shelves and building merchandise displays; setting up sidewalk displays;

bagging customer's purchases, frequent walking and standing; frequent bending, stooping,

and kneeling.  Defendants argue that an additional requirement of Plaintiff's job was lifting

up to 40 lbs. and occasionally lifting up to 55 lbs.  Plaintiff argues that the lifting requirement

is not essential to the performance of her duties and contends that she performed her job for

about a month without lifting over 15 lbs.

---

[1]  The Court recognizes there is a dispute as to which Defendant was actually Plaintiff's employer.  However, because it is not necessary to resolve that dispute for purposes of the present Motion, the Court will, for convenience sake, simply refer to Defendants jointly.

In May of 2005, Plaintiff informed her supervisor that she was pregnant.   In September of 2005, Plaintiff's doctor placed her on a 15 lbs. lifting restriction due to her pregnancy.  Beginning on October 19, 2005, Plaintiff was placed on a medical leave of absence.  Defendants contend the leave was necessary because Plaintiff was unable to perform the essential functions of her job.  On November 20, 2005, Defendants contacted Plaintiff and requested updated information on her ability to perform the essential functions of her job.  Defendants contend that Plaintiff was terminated on December 8, 2005, as she was unable to return to work and perform the essential functions of her job.  Plaintiff argues that she was terminated on November 21, 2005 and that she was terminated due to her pregnancy.

Defendants filed the present motion arguing that the undisputed facts demonstrate that Plaintiff was not fired because she was pregnant but because she could not perform the essential functions of her job.  Plaintiff responds arguing there was light duty[2] work available and Defendants' policy that only those employees injured on the job were eligible for light duty is discriminatory.

---

[2] Defendants' policy only permitted those employees who were injured on the job to perform light duty.  According to Defendants, any restriction which precluded an employee from performing the essential functions of the job required an assignment to light duty.  Defendants argue that because of the manner in which their stores are staffed, there is no ability to provide light duty on a regular basis.  However, Defendants argue that because they are self-insured for workers' compensation purposes, it is more cost efficient to place employees who are injured on the job and capable of performing it on light duty rather than pay them temporary total disability benefits.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**DISCUSSION**

Plaintiff argues that Defendants' Motion should be denied as it focuses solely on whether there is indirect evidence of discrimination. According to Plaintiff, the evidence that she was placed on leave because of lifting restrictions which were in place due to her pregnancy provides direct evidence of discrimination.

"Direct evidence is '[e]vidence, which if believed, proves [the] existence of [a] fact in issue without inference or presumption.'" Shorter v. ICG Holdings, Inc., 188 F.3d 1204, 1207 (10th Cir. 1999)(quoting Black's Law Dictionary 460 (6th ed.1990))(overruled in part on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003)). Further, "[s]tatements showing 'an existing policy which itself constitutes discrimination' are direct evidence of discrimination." Heim v. State of Utah, 8 F.3d 1541, 1546 (10th Cir. 1993)(quoting Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990)). Plaintiff's argument centers on the "no light duty" policy and comments made by her supervisor that she would still be unable to lift after the expiration of the leave and that he would rehire her after her lifting restriction was removed. However, neither the policy nor the supervisor's statement demonstrate discrimination without some inference or presumption. Indeed, the evidentiary materials before the Court establish that the policy was neutral. It does not focus on any underlying reason necessitating light duty. Rather, the sole question is whether or not the need for light duty arose because of an on-the-job injury or some other reason. The supervisor's comments likewise did not focus on Plaintiff's pregnancy. Rather, they addressed the lifting restrictions imposed on Plaintiff. It is only by inference or presumption

4

that pregnancy enters the picture.  Consequently, Plaintiff has failed to demonstrate direct evidence from which a reasonable jury could find existence of discrimination.

Because Plaintiff offers only indirect or circumstantial evidence of discrimination, analysis of her case  must proceed under the familiar <u>McDonnell Douglas</u>,[3] burden-shifting analysis.  Under that process, Plaintiff must demonstrate the existence of a prima facie case; if she does, Defendants must then come forward with a non-discriminatory reason for the alleged improper act(s).  If Defendants satisfy their burden, Plaintiff must then demonstrate Defendants' reason was a pretext to hide the true discriminatory purpose behind the act(s).

Plaintiff raises only a claim for pregnancy discrimination.  To establish a prima facie case of pregnancy discrimination, Plaintiff must show: "(1) [she is a] member[] of a protected group; (2) [she was] qualified for the modified-duty positions sought; (3) [she was] denied modified-duty positions; and (4) [she was] denied the modified-duty assignments 'under circumstances which give rise to an inference of unlawful discrimination.'"  <u>E.E.O.C. v. Horizon/CMS Healthcare Corp.</u>, 220 F.3d 1184, 1192 (10th Cir. 2000)(quoting <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981)).  Defendants concede that Plaintiff has produced evidence showing she satisfies the first and third elements.  However, Defendants argue that Plaintiff is unable to satisfy the second and fourth elements.  According to Defendants, because the light duty policy only permitted those employees who were injured on the job to perform light duty, Plaintiff cannot demonstrate she was qualified

---

[3] <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

for the light duty position.   The Tenth Circuit has held that "an employer may not defeat a plaintiff's prima facie case by asserting that the plaintiff failed to satisfy subjective qualifications." Horizon/CMS, 220 F.3d at 1192.[4]  Because Plaintiff has offered evidence that she could perform the light duty requirements, she has satisfied the second element of the prima facie case.

As for the fourth element, Defendants argue that Plaintiff cannot show the denial of light duty occurred under circumstances giving rise to an inference of discrimination. Defendant notes that there is no evidence that Plaintiff was treated any differently than a non-pregnant employee who was not injured on the job in relation to the light duty policy.[5] However, the Circuit has stated that because Defendants' expression of the fourth element would require Plaintiff to compare herself to similarly situated employees, it represents the

---

[4] Defendants are on a slightly different footing than the Defendant in Horizon/CMS, because here, Defendants' policy did not rely on subjective criteria.  However, because of the significant interest in ensuring Plaintiff has the opportunity to challenge the criteria and their potential for discrimination, it is necessary to delay consideration of the policy until after the prima facie stage.

[5] Plaintiff asserts she has offered evidence of a male employee without an on-the-job injury being on light duty.  However, Plaintiff's argument must fail.  Plaintiff has offered no evidence demonstrating the male employee was similarly situated.  Indeed, it appears that the employee was employed in a management position.  Further, there are substantial problems with the evidence relied on by Plaintiff as it includes multiple layers of hearsay and there is insufficient foundation to overcome every layer.  "Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness' supposed testimony is not suitable grist for the summary judgment mill." Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000)(citations omitted).  While Plaintiff in her Response to Defendants' Motion to Strike (Dkt. No. 75) offers argument to overcome some of the hearsay problems, she has not resolved all of them.  Finally, it is undisputed that once Defendants' management learned of the issue, the "no light duty" policy was applied.  Thus, the evidence offered by Plaintiff offers no support for her argument that non-pregnant employees were treated differently.

strictest possible construction.  Horizon/CMS, 220 F.3d at 1195.  Indeed, as Plaintiff notes, and as the Circuit has made clear, Plaintiff satisfies this element simply by showing that her position was not eliminated after her termination.  Id. at n. 6.

The Court finds that Plaintiff has demonstrated a prima facie case of pregnancy discrimination.  The burden now shifts to Defendants to articulate a legitimate non-discriminatory reason for its treatment of Plaintiff.  Defendants have satisfied their burden by offering evidence that Plaintiff was terminated because she was physically unable to perform the essential functions of her job and that she was not qualified for light duty because her restriction did not arise from an on-the-job injury.  The burden now shifts to Plaintiff to demonstrate that Defendants' proffered reason is a mere pretext.  A plaintiff establishes pretext by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence."  Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1317 (10th Cir. 1999)(overruled on other grounds by National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)).

Plaintiff argues she has shown pretext because Defendants' reasons for not making the light duty assignment available to other workers are not supported by sufficient evidence.  According to Plaintiff, Defendants' evidence is nothing more than conclusory and self-serving affidavits explaining the policy and the cost savings it provides.[6]  Plaintiff argues that

---

[6] To the extent Plaintiff seeks to strike Defendants' evidence on this issue her argument fails for two reasons.  First, Plaintiff's challenge is raised only in a footnote in her Response to

Defendants have failed to offer any study or examination demonstrating that the policy actually has the cost savings suggested.  Thus, Plaintiff argues she is in the same position as the plaintiff in Horizon/CMS.  Plaintiff's arguments misapprehend the requirements imposed on Defendants.  First, Horizon/CMS is distinguishable as the Circuit's finding of pretext was not premised solely on the lack of a study demonstrating cost savings.  Rather, the Circuit noted that plaintiff had demonstrated there was no shortage of light duty positions, that there had been no inquiry into the additional costs of offering light duty to non-on-the-job injuries, that there was evidence that defendant had not evenly applied the policy and that defendant had refused light duty to pregnant employees who were injured on the job.  Further, the plaintiff in Horizon/CMS offered evidence of statements which a reasonable jury could find demonstrated bias against pregnant employees.  Considering all these issues the Circuit stated: "[f]rom the Commission's evidence, considered *in the aggregate* and construed in the light most favorable to the Commission, a reasonable jury could conclude that Defendant's proffered explanation for the distinction is pretextual."  Horizon/CMS, 220 F.3d at 1200 (emphasis added).  Here, Plaintiff has not offered the additional evidence presented in Horizon/CMS.  Rather, she simply attacks the lack of evidence of savings.  Whether or not Defendants' determinations are accurate, they have made a cost analysis.

---

Defendants' Motion for Summary Judgment.  LCvR 7.1(c) requires each motion to be filed as a separate document.  Second, without regard to the procedural errors, Plaintiff's argument fails as the documents are not hearsay as they are not offered for the truth of the matter asserted but for the effect on Defendants.  That is, as made clear in the body of this Order, it matters not whether or not Defendants actually realized cost savings from the policy; in evaluating the pretextual nature of the policy the focus is whether or not Defendants honestly believed the policy saved money.  Thus, the summaries are not hearsay and Plaintiff's challenge to them is denied.

"The relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1318 (10th Cir.1999), overruled on other grounds by National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision." Watts v. Norman, 270 F.3d 1288, 1295 (10th Cir.2001) (internal quotation marks omitted). "An articulated motivating reason is not converted into pretext merely because, with the benefit of hindsight, it turned out to be poor business judgment." McKnight [v. Kimberly Clark Corp.], 149 F.3d [1125]at 1129 [(10th Cir. 1998)]; see also Tran v. Trs. of State Clls. in Colo., 355 F.3d 1263, 1268-69 (10th Cir.2004) (employer's good faith belief "would not be pretextual even if the belief was later found to be erroneous") (internal quotation marks omitted).

Rivera v. City and County of Denver, 365 F.3d 912, 924-25 (10th Cir. 2004). Here, the undisputed evidence establishes that Defendants believe that their light duty policy is the best for their business. In the absence of any evidence that the policy is unequally applied or that pregnant employees are singled out for different treatment, there is no evidence suggesting pretext.[7] Thus, Plaintiff's claim must fail.

Plaintiff argues that, in the alternative, she can show pretext by showing the policy was used in a manner to discriminate against her because of her pregnancy. According to Plaintiff, her employee records indicate the basis for her leave was pregnancy and that Defendants have used similar notations in the past for other pregnant employees; thus, there is evidence of discriminatory animus. Plaintiff contrasts this with other non-pregnant

---

[7] "When, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" E.E.O.C. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000)(quoting Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir.1998)).

employees whose leave forms do not indicate a medical reason for the leave.  Plaintiff also points to the comments of Plaintiff's supervisor that he didn't see her returning until after her pregnancy because at the end of the leave she would only be farther along in her pregnancy. Plaintiff also offers evidence that the supervisor told her she would be listed as a "good rehire" if she wished to reapply after her pregnancy.

Plaintiff's arguments regarding the comments of her supervisor are without merit. When read in context, her supervisor's comments clearly explain that the reasons for his opinions about her ability to return to work center on the fact that the lifting restrictions imposed prior to her leave will likely still be in place until the end of her pregnancy.  In context, it is clear that the supervisor's comments focus solely on the lifting restrictions and the fact that they preclude Plaintiff from performing the essential functions of her job.  There is no evidence from which a reasonable jury could find that the supervisor's comments reflect some discriminatory animus.

As for the notation on the medical leave form, the Court finds that too is insufficient evidence from which a reasonable jury could find discriminatory animus.  Plaintiff has directed the Court to nothing other than the bare notation on the record.  Measured against the clear evidence that Defendants' concern centered on Plaintiff's lifting restriction, Defendants' articulated reasons for the termination and the refusal to extend the policy to non

on-the-job injuries, the Court finds no reasonable jury could find the notation to be evidence of an intent to discriminate based on pregnancy.[8]

As set forth more fully herein, based on the evidentiary materials submitted to the Court, a reasonable jury could not find Plaintiff's termination was the result of discrimination by Defendants.  Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 51) is GRANTED.  Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. No. 73) is MOOT.   A separate judgment will issue.

IT IS SO ORDERED this 25th day of February, 2008.


ROBIN J. CAUTHRON
United States District Judge

---

[8]   The Court notes that there is no evidence any action was taken regarding Plaintiff's employment until her doctor imposed a lifting restriction.  This despite the fact that Defendants were aware of her pregnancy for nearly four months prior to the imposition of the restriction.

11