IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TASHARA N. PERSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-07-136-C |
| ) | |
| DOLGENCORP, INC., a Kentucky ) | |
| Corporation; and DOLLAR GENERAL ) | |
| CORPORATION, a Tennessee ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a Motion for Sanctions seeking to penalize Defendants for purportedly deficient discovery responses following the Court's Order on Plaintiff's Motion to Compel. The sanction requested is either the entry of judgment in Plaintiff's favor or, in the alternative, that the Court prohibit Defendant from calling witnesses to testify about issues that were not properly disclosed and read an instruction to the jury that if Defendants had produced the requested documents or disclosed witnesses, they would have been favorable to Plaintiff. Of course both alternative sanctions have been mooted by the Court's entry of summary judgment in Defendants' favor, but the issues raised in Plaintiff's Motion, which were substantially briefed before the entry of summary judgment, deserve some additional explanation.

The Court has reviewed Plaintiff's Motion and the attached exhibits, Defendants' Response and attached exhibits and Plaintiff's Reply and accompanying exhibits. Nothing in the material before the Court would have altered the Court's analysis of the facts and evidence presented in resolving Defendants' summary judgment motion. As noted in the earlier Order, it is not the factual support or accuracy of the "no light duty" policy that is the determinative question, but rather Defendants' good faith belief that it produced cost savings. Further, Plaintiff did not offer an affidavit or argument under Fed.R.Civ.P. 56(f) suggesting she was unable to respond to the Motion for Summary Judgment without the discovery. The timing of the Motion for Sanctions is itself problematic, coming as it does after the close of discovery and on the eve of trial.

Plaintiff's Motion for Sanctions comes at the end of a case fraught with bitter and sometimes unreasonable positions taken by the parties. The particular requests and alleged failures noted by Plaintiff show deficiencies on the part of both sides to this litigation. That Plaintiff's requests were framed too broadly, or construed by Plaintiff to reach more than a reasonable lawyer would conclude, is without question. That Defendants drew too fine a point on some of the requests or employed semantics to justify nondisclosure is likewise apparent. Given the ultimate irrelevance of the information to summary judgment and the absence of a clear showing of fault on the part of any party, the Court declines to award a sanction of any kind to either party.

For the reasons set forth herein, Plaintiff's Motion for Sanctions (Dkt. No. 82) is DENIED. Because the Court finds all parties share blame in the discovery issues addressed, no fees or costs shall be imposed.

IT IS SO ORDERED this 27th day of February, 2008.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge